UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GENEO BROWN,

                                    Plaintiff,                    **ORDER**

        v.
                                                                  **05-CV-758S(F)**

SUPERINTENDENT McGINNIS, *et al.*,

                                    Defendants.

Plaintiff has applied to the Court for appointment of counsel pursuant to 28 U.S.C.

§ 1915(e).  There is no constitutional right to appointed counsel in civil cases.  However,

under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants.  *See,*

*e.g.*, Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir.

1988).  Assignment of counsel in this matter is clearly within the judge's discretion.  In re

Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding

whether or not to assign counsel include the following:

    1.  Whether the indigent's claims seem likely to be of substance;

    2.  Whether the indigent is able to investigate the crucial facts concerning his claim;

    3.  Whether conflicting evidence implicating the need for cross-examination will be
    the major proof presented to the fact finder;

    4.  Whether the legal issues involved are complex; and

    5.  Whether there are any special reasons why appointment of counsel would be
    more likely to lead to a just determination.

Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); *see also* Hodge v. Police Officers,

802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because

"every assignment of a volunteer lawyer to an undeserving client deprives society of a

volunteer lawyer available for a deserving cause." Cooper v. A. Sargenti Co., 877 F.2d

170, 172 (2d Cir. 1989).  Therefore, the Court must first look to the "likelihood of merit" of

the underlying dispute, Hendricks, 114 F.3d at 392; Cooper, 877 F.2d at 174, and "even

though a claim may not be characterized as frivolous, counsel should not be appointed in

a case where the merits of the . . . claim are thin and his chances of prevailing are

therefore poor." Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir.

2001) (denying counsel on appeal where petitioner's appeal was not frivolous but

nevertheless appeared to have little merit).

       The Court has reviewed the facts presented herein in light of the factors required

by law.  Plaintiff alleges that Defendant subjected to him to cruel and unusual punishment,

retaliated against him and denied him due process.  Based on this review, plaintiff's motion

for appointment of counsel is denied without prejudice at this time.  It is the plaintiff's

responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. §

1654.

SO ORDERED.

                                              /s/ *Leslie G. Foschio*
                                   _____
                                         LESLIE G. FOSCHIO
                                   UNITED STATES MAGISTRATE JUDGE

Dated: January 2, 2008
         Buffalo, New York